IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS LOCAL UNION NO. 498, | ) | |
| | ) | CASE NO. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Assigned Judge: |
| | ) | |
| | ) | Magistrate Judge: |
| KUJO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## C O M P L A I N T

Plaintiffs, the IRON WORKERS LOCAL UNION NO. 498., by their attorney, Michael J. McGuire and the law firm of GREGORIO ♦ MARCO, complain of the Defendant, KUJO, INC. and seek to enforce an arbitration award against KUJO, INC., and allege as follows;

1. This action arises under Section 301 of the Labor-Management Relations Act (LMRA) of 1947, 29 U.S.C. § 185. Jurisdiction is founded on the existence of questions arising thereunder.

1. The IRON WORKERS LOCAL UNION NO. 498 (hereinafter referred to as "Local 498") is an unincorporated labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(5), (6) and (7) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§152(5), (6) and (7), and Section 301 of the LMRA, 29 U.S.C. §185. Its principal office is located at 5640 Sockness Drive, Rockford, IL. 61109 located within the Northern District of Illinois, Western Division.

2. KUJO, INC. (hereinafter referred to as "Kujo") is an Illinois corporation and an employer in an industry affecting commerce within the meaning of Section 2(2), (6) and (7) of the NLRA, 29 U.S.C. §§152(2), (6) and (7) and Section 301 of the LMRA, 29 U.S.C. §185.

Kujo's principal office is located at 5303 Johnsburg Road, Johnsburg, IL 60051.

3. On June 15, 2006, Kujo executed a "Memorandum of Agreement" with Local 498 (a true and correct copy is attached hereto as **Exhibit A**).

4. On July 20, 2009, Kujo executed an Agreement with the International Association of Ironworkers' binding them to the terms of the Local 498 Collective Bargaining Agreement (a true and correct copy is attached as **Exhibit B)**.

5. By its terms, the Memorandum of Agreement and International Agreement, between Kujo and Local 498 adopted the collective bargaining agreement between Local 498 and the Northern Illinois Building Contractors Association, Inc. (hereinafter "NIBCA"), then in effect, as well as any and all subsequent master agreements entered into between the Union and NIBCA (a true and correct copy of the relevant Agreement is attached hereto as **Exhibit C**).

6. Any entity that is party to an Agreement with the union agrees to utilize and be bound by the decisions of an arbitral body known as the Joint Grievance Committee ("JGC"), whether they are signatory by virtue of membership in NIBCA or bound independently. The JGC is jointly administered by representatives from management and the union and is created by the parties' collective bargaining agreement. The JGC is composed of two (2) members of NIBCA and two (2) members of the Plaintiff.

7. Item 33, of the collective bargaining agreement effective June 1, 2020, through May 31, 2023 entitled "Settlement of Disputes" states as follows (**Exhibit C**, at p. 19-20):

**ITEM 33 – SETTLEMENT OF DISPUTES**

**Section 1** Grievances and Arbitration. For the purpose of this Agreement, the term "grievance" is any claim or dispute involving an interpretation or application of the Agreement by an employee, or an Employer, or the Union, or the Contractor Association NIBCA, that one of the other of the aforesaid persons or organization is violating or has violated this Agreement.

**STEP ONE** - A grievance shall first be taken up between the Union's Business Representative assigned to the job and a designated representative of the Employer. The Union must file the grievance within a reasonable time of the occurrence giving rise to the grievance or when the affected employee knew or reasonably should have known of the existence of the grievance.

**STEP TWO** - In the event that the grievance cannot be resolved within five (5) working days of the Step One conference, it shall be reduced to writing and referred for conference and resolution by designated officials of the Union and the Association, In the event the Employer is not a member of the Contractor Association NIBCA, the written grievance shall be submitted directly to the Joint Grievance Committee in accordance with Step Three.

**STEP THREE -** In the event the grievance cannot be resolved by the Step Two conference within seven (7) working days after receipt by the Union and the Contractor Association NIBCA, of the written grievance, the written grievance shall 'be submitted immediately to the Joint Grievance Committee (JGC) created in this Article and shall be decided within forty five (45) days of submission. The Union and Contractor Association NIBCA shall together create a Joint Grievance Committee to resolve grievances arising under this Agreement. This committee shall consist. of an equal number of members representing the Employers and the Union; but with no less than two (2) members from each group. The Union or Contractor Association NIBCA may appoint alternate members. At its first meeting, the Joint Grievance Committee shall formulate rules of procedure to govern the conduct of its meetings and. such rules for the processing of grievances as are not in conflict with this Agreement. The Joint Grievance Committee shall have the power to resolve all grievances before it and shall have the right to examine all records of the Employers and employees as is reasonably necessary to resolve the grievance. The Joint Grievance Committee shall have the authority to determine and assess remedies for violations of this agreement, including but not limited to fines, injunctions, suspension and an award of back pay and equivalent benefits to the Union, Trust Funds or employee. Where the Joint Grievance Committee, by majority vote, resolves a grievance, no appeal may be taken, and such resolution shall be final and binding on all parties and individuals bound by this Agreement.

**STEP FOUR** - If the Joint Grievance Committee is unable to resolve grievance by majority vote, the grievance shall be submitted within thirty (30) days to a neutral arbitrator. If the Union and the Association cannot agree on an arbitrator, then an arbitrator shall be selected in accordance with rules and procedures of the American Arbitration Association. The cost of such arbitration shall be borne equally by both Parties to the arbitration; and the decision of the arbitrator shall be final and binding on all parties and individuals bound by this Agreement The time limits provided in this Section may be extended by mutual written consent of the Union and the Contractor Association NIBCA, and/or the Employer or at the discretion of the Joint Grievance Committee. Neither the Joint Grievance committee nor an arbitrator shall have any authority to add to, detract from, or in any way alter the provisions of this Agreement or

make a new Agreement. There shall be no lockout by an Employer during the term of this Agreement. Except as specifically provided for in this Agreement, there shall be no strikes or work stoppages by the Union during the term of this Agreement. Decisions of the Joint Grievance Committee and Arbitration Awards shall be complied with within fourteen (14) days of receipt of the decisions by the losing party. A party which fails to comply within the fourteen (14) day period shall be required to pay an additional ten (10%) percent of all amounts owed as liquidated damages for failure to comply with the decision or award. In the event the prevailing party is required to file suit to enforce the decision or award, and it prevails, it shall be entitled to recover costs, including attorneys' fees, from the losing party.

8. The JGC is has the authority to determine and assess remedies for violations of the Collective Bargaining Agreement, including but not limited to fines, injunctions, suspension and an award of back pay and equivalent benefits to the Union, Trust Funds or employee. (**Exhibit C**, Item 33, Step 3).

9. On or around April 1, 2020 and continuing through June 2020, a dispute arose between Local 498 and Kujo regarding multiple violations of the Collective Bargaining Agreement by Kujo. Local 498 claimed that Kujo violated the craft jurisdiction of Local 498 as well as Item 15, Item 16, Item 22, Item 26, Item 27, Item 28, and Item 33 of the CBA, **Exhibit C**.

10. Pursuant to Step One of the Settlement of Disputes, the Business Manager of Local 498, Mr. Mark Richeson attempted to resolve the dispute with the owner of Kujo, Mr. Daniel Daczewitz without resolution.

11. Pursuant to Step Two of the Settlement of Disputes, and after five (5) days without a response, the grievance was reduced to writing and submitted to the Joint Grievance Committee on May 20, 2020 by Local 498. A true and correct copy of the grievance submission to the Joint Grievance Committee is attached as **Exhibit D**.

12. On June 1, 2020, the Joint Grievance Committee sent Kujo a letter via certified

mail informing Kujo that a hearing regarding the grievance filed by Local 498 would take place on June 18, 2020. A true and correct copy of the letter and certified mailing return card is attached as **Exhibit E**.

13. Pursuant to Step three of the Settlement of Disputes the JGC conducted a hearing into the grievances brought by Local 498 against Kujo. Based on the evidence presented at the hearing, the JGC awarded Local 498 $53,587.10 in lost wages and benefit.

14. By letter dated June 19, 2020, the JGC informed Kujo of its decision and award (a copy is attached as **Exhibit F**).

15. By letter dated July 9, 2020, Local 498's legal counsel sent Kujo a demand for payment of the award entered by the JGC and if it failed to do so a lawsuit would be filed to enforce the award. A true and correct coy of the letter is attached as **Exhibit G**.

16. Despite repeated demands made by Local 498, Kujo has failed and refused to comply with the JGC award entered against it.

17. Kujo, pursuant to Item 33, Step Four of the collective bargaining agreement is responsible for all fees and costs incurred by Local 498 in enforcing the JGC award.

WHEREFORE, Plaintiff, IRON WORKERS' LOCAL UNION NO. 498 prays that this Court enter and Order against the Defendant, KUJO, INC.:

    A. Enforcing the JGC award entered by the JGC finding Kujo, Inc. violated the collective bargaining agreement.

    B. Compelling the Defendant to pay Local 498 $53,587.10 pursuant to the award.

    C. Awarding Local 498 its costs and attorneys' fees for this action which are collectible pursuant to the collective bargaining agreement; and

    D. Awarding any other relief that this Court deems just and proper.

    Respectfully Submitted,

    **IRON WORKERS LOCAL NO. 498, et al.**

    BY: /s/ Michael J. McGuire
       One of its attorneys

Michael J. McGuire
ARDC#: 6290180
Gregorio ♦ Marco
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343
mmcguire@gregoriolaw.com

6