**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Iron Workers Local Union No. 498, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | Case No. 20 CV 50361 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kujo, Inc., ) | |
| ) | |
|     *Defendant*. ) | |

## ORDER

For the reasons stated below, it is this Court's report and recommendation that Plaintiff's motion for default judgment [12] be granted and that judgment be entered in favor of Plaintiff and against Defendant Kujo, Inc. in the amount of $53,587.10. Any objection to this report and recommendation must be filed by December 22, 2020. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989). The Clerk is directed to mail a copy of this order to Defendant's registered agent/president. *See* Dkt. 16.

## STATEMENT

Before the Court is Plaintiff Iron Workers Local Union No. 498's motion for default judgment against Defendant Kujo, Inc. Dkt. 12. Plaintiff filed a complaint in this case on September 23, 2020 pursuant to the Labor-Management Relations Act, 29 U.S.C. § 185, to enforce an award entered against it by the Joint Grievance Committee for lost wages and benefits for Defendant's violations of the Collective Bargaining Agreement. Dkt 1. This Court has jurisdiction over the subject matter of this case and the parties. Venue is also proper in this District.

Plaintiff served Defendant with the complaint through its registered agent/president on September 29, 2020. Dkt. 7. After Defendant failed to appear or respond to the complaint, on November 5, 2020 the Clerk of Court entered an order of default against Defendant. Dkt. 11. Defendant, an Illinois corporation, is not a minor, an incompetent person, or in active military service. By reason of default, Defendant has admitted the truth of the allegations in Plaintiff's complaint. Defendant is hereby found liable for violating the Collective Bargaining Agreement and for the $53,587.10 award entered against it by the Joint Grievance Committee for lost wages and benefits.

Plaintiff now seeks a default judgment against Defendant in the amount of $53,587.10. Plaintiff mailed a copy of the motion to Defendant by regular and certified mail on November 19, 2020. Dkt. 15. After receiving notice from the United States Postal Service that "Return Status not

Available," Plaintiff delivered a copy of the motion and hearing date to Defendant via UPS overnight delivery. Plaintiff has filed proof that Defendant received and signed for the documents on December 3, 2020. Dkt. 15. The Court held a hearing on Plaintiff's motion on December 8, 2020. Defendant failed to appear at the hearing and has not responded to Plaintiff's motion.

Plaintiff alleges Defendant is liable for violating the Collective Bargaining Agreement and for the $53,587.10 award entered against it by the Joint Grievance Committee for lost wages and benefits. Plaintiff has attached the Collective Bargaining Agreement showing that the Joint Grievance Committee had the authority to determine and assess remedies for violations of that agreement. Dkt. 12-5. Plaintiff has also attached the award entered against Defendant by the Joint Grievance Committee. Dkt. 12-9. The request is further supported by an affidavit from Mark Richeson, the Business Manager and Financial Secretary/Treasurer for Plaintiff, who avers that Defendant has not paid the award entered against it. Dkt. 12-6.

Based upon the evidence presented, it is this Court's report and recommendation that Plaintiff's motion for default judgment be granted and that judgment be entered in favor of Plaintiff and against Defendant in the amount of $53,587.10. Any objection to this report and recommendation must be filed by December 22, 2020. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

Date: December 8, 2020    By: _____
                                               Lisa A. Jensen
                                               United States Magistrate Judge